**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6861**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BERRY,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-00-493; CA-03-1599)

---

Submitted:  February 6, 2006          Decided:  February 27, 2006

---

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

Michael Berry, Appellant Pro Se.  Lynne Ann Battaglia, OFFICE OF THE UNITED STATES ATTORNEY, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Berry seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion. The district court docket sheet does not reflect that Berry filed a timely notice of appeal. However, Berry filed a motion on January 31, 2005, requesting that the district court apprise him of the status of his appeal. The district court responded that a notice of appeal had not been entered on the docket. Berry again filed a motion on May 24, 2005, requesting that the district court apprise him of the status of his appeal and certificate of appealability. Berry attached a copy of a notice of appeal, which was dated "November 2004."

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order. See Fed. R. App. P. 4(a)(1)(B). This appeal period is mandatory and jurisdictional. See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 267 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Since the district court entered the judgment against Berry on October 29, 2004, he had until December 28, 2004, to file a timely notice of appeal.

Because Berry is incarcerated, his notice of appeal is deemed filed when it is submitted to prison officials for mailing, in accordance with Houston v. Lack, 487 U.S. 266 (1988). To

- 2 -

demonstrate that he timely filed under this rule, Berry must either submit a notarized statement setting forth the date that he deposited the notice of appeal with prison officials or, alternatively, submit a declaration in compliance with 28 U.S.C. § 1746 (2000). Fed. R. App. P. 4(c)(1).[1]

Berry's statement in his notice of appeal attached as an exhibit does not comport with the requirements of Rule 4(c)(1) and 28 U.S.C. § 1746, as it is not notarized, makes no reference to the potential penalty for perjury, and is not specifically dated. Although Berry's certificate of service on the notice of appeal that he attached to his May 2005 motion is inadequate, it may not be an accurate representation of the final product sent to the court.[2]

We remand this case to the district court for further proceedings to determine if Berry in fact filed a document with the district court in November 2004 that could be construed as a timely notice of appeal. If Berry did not file such a document, the

[1]Under 28 U.S.C. § 1746(2), an inmate must execute a statement that a timely notice of appeal was deposited in the prison mail system in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Under Rule 4(c)(1), the inmate must comply with § 1746 or provide a notarized statement setting forth the same general information as is required under § 1746.

[2]If Berry's statement is true that he gave his notice of appeal to prison authorities in November 2004, the notice of appeal would have been timely filed regardless of the date.

district court should consider whether the January 31, 2005 motion to apprise him of the status of his appeal should be construed as a timely motion for an extension of time to file a notice of appeal, and if so, whether it should be granted.

We therefore remand the case for the district court to determine whether Berry filed a timely notice of appeal. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED